IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARLOS SAUL MOCTEZUMA, :
          Petitioner :
           :
      v. : CIVIL ACTION NO. 14-CV-2426
           :
THE STATE OF PENNSYLVANIA, et al., :
          Respondents. :

## MEMORANDUM

Petitioner filed a purported petition for *habeas corpus* relief and an affidavit in support of a petition for writ of *error coram nobis*. First, the court notes that the petition for *habeas corpus* relief is not filed on the proper form. Contrary to Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, Petitioner did not use the current standard 28 U.S.C. § 2254 form as has been required by this court since July 2010. Use of the court's current standard form in proceedings under 28 U.S.C. § 2254 is necessary to assure that a petitioner is made aware of the warnings required pursuant to *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000) (relating to the statute of limitations set forth in 28 U.S.C. § 2244(d)); and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (relating to limitations on the right of the petitioner to file a "second or successive" petition under 28 U.S.C. § 2254). The court notes that the specific *Thomas* and *Mason* warnings are included in the introductory text of the current standard form. The court further notes that Petitioner did not file a properly certified application to proceed *in forma pauperis* or pay the required $5.00 filing fee.

Next, in his cover letter to the court dated April 21, 2014, Petitioner states that he filed a request for a writ of *error coram nobis* because such an action is civil in nature. He implies that he is filing said action because courts encourage filing all actions together. However, the writ of error *coram nobis* is "an ancient writ that was available at common law to correct factual errors in both civil and criminal cases" and is not relief available to Petitioner. *See, United States v. Morgan*, 346 U.S. 502, 507 (1954). The Supreme Court held that under the All Writs Act a district court can grant this "extraordinary remedy...only under circumstances compelling such action to achieve justice." *Id.*, 346 U.S. at 511

1

(1954). The writ of error *coram nobis* is only available where no other relief was available at the time of trial, an error "of the most fundamental character" is involved and "sound reasons exist[] for failure to seek appropriate earlier relief." *Id.*, 346 U.S. at 512. Consequently, Petitioner's claims may not be raised in a petition for writ of *error coram nobis*. As the Supreme Court stated in *Carlisle v. United*, 517 U.S. 416, 428 (1996) (internal quotations omitted):

> [t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Petitioner seeks to challenge his state court conviction. Statutory authority for challenging a state court conviction is provided in 28 U.S.C. § 2254 via a claim for *habeas corpus* relief. Therefore, Petitioner must file a petition pursuant to 28 U.S.C. § 2254 and pay the filing fee or be *granted in forma pauperis* status.

An appropriate order follows.